A. Franklin Mahoney, J.
This motion, pursuant to CPLR article 78, seeks a judgment reversing the decision of the Commissioner of Education, dated November 15, 1972, which dismissed petitioner’s appeal from a finding by the Union Free School District No. 5, Town of Hempstead, that the petitioner, Joseph Spitaleri, was medically disqualified from participating in the sport of football at Levittown Memorial High School.
From the supporting papers herein it appears that the petitioner, in 1964 when he was six years old, sustained a serious injury to his left eye and, to date, vision has not returned to any significant degree. Despite this visual handicap young Spitaleri participated in all sports, including football, while in grade school and was generally considered to be an outstanding young athlete. At the time of oral argument the petitioner and his father conveyed to the court, in a sincere and moving manner, their conviction that the boy’s psychological well-being was involved and that they were jointly prepared to assume any risks, which they consider to be minimal, and to enter into any agreement, including indemnification, to protect the School Board and Board of Education if any actionable injury should occur while the boy was playing football. The sincerity of this appeal eloquently attests to the emotional struggle that must have been waged in the mind of a concerned and loving father for the welfare and well-being of his son. However, a dispas *812 sionate review of the facts can only lead to an affirmance of the determination of the Commissioner of Education.
It is established law in this State that a determination of the Commissioner of Education pursuant to the provisions of section 310 of the Education Law is final and conclusive and cannot be judicially set aside unless found to be “ purely arbitrary ” (Matter of Board of Educ. of City of N. Y. v. Allen, 6 N Y 2d 127, 136). The Commissioner’s determination recognizes the duty of the Board of Education ‘ ‘ to provide adequate health examinations before participation in strenuous activity * * * and to permit no pupil to participate in such activity without the approval of the school medical officer ” (8 NYCRR 135.4 [e] [1] [VII] of the Regulations of the Commissioner of Education). In furtherance of that duty the School Board had the petitioner examined by the school physician for Union Free School District No. 5, Levittown, New York and Dr. Cytryn, employing the regulations of the Board of Education, the State Education Department requirements and the American Medical Association criteria as set forth in a pamphlet entitled “ A Guide for Medical Evaluation for Candidates for School Sports ”, found that the petitioner was medically disqualified from participation in interscholastic football competition. The above-cited AMA pamphlet particularizes as a disqualifying condition for contact sport participation the instance where a youth is without one of two organs such as a kidney or an eye. Clearly, the concern of the AMA and of the school physician as well as those physicians who hold to the view that he should be permitted to play, is the always present danger of injury to the remaining organ which, if it should occur, would result in irreversible and permanent injury. In the case of the petitioner herein, total blindness.
In my view, it cannot be said that the dismissal of petitioner’s appeal to the '.Commissioner of Education was freighted with arbitrariness, capriciousness or illegality so as to compel reversal. The Commissioner acted within Shis powers and, based upon uncontradicted medical evidence, in the best interest of the infant petitioner.
The motion for relief pursuant to CPLR article 78 is denied.
Submit order.