OPINION OF THE COURT
Elizabeth W. Pine, J.
This special proceeding was commenced pursuant to section 4409 of the Education Law (L 1977, ch 787), originally known as the "Spitaleri bill,” to enjoin a school district from prohibiting a student from participating in an athletic program by reason of a physical impairment. It is conceded that the student petitioner is an outstanding athlete and that, at the beginning of her seventh-grade year, she was one of the best athletes in her class. By respondents’ admission, petitioner was first "defined as handicapped by the school physician” in October of 1975, and since that time has repeatedly been denied permission to participate in interscholastic contact sports. In January, 1976, this prohibition was expanded in scope so as to exclude petitioner from participation in intramural and gym class contact sports. The statement of respondents’ physician notes that the school has developed for the student "alternative programs for [her] physical education” which exclude her from all contact sports.
In support of these determinations, respondents have produced undated State Education Department "standards” upon which they rely in excluding petitioner from the regular "physical education” program which the district provides for its pupils (see 8 NYCRR 135.1 [f], 135.4 [a]). The undated standards relied upon by respondents recite that they have been adopted to carry out the provisions of 8 NYCRR 135.4 (e) (i), (vii), the provision construed in Matter of Spitaleri v Nyquist (12 Ed Dept Rep 84, petition dsmd 74 Misc 2d 811). This provision was repealed nearly four years ago, when it was re-enacted as 8 NYCRR 135.4 (c) (7) (i) (h).
Since that time, sweeping changes have taken place, at both the Federal and State levels, affecting the substantive and procedural rights of the handicapped in general (e.g., section 504 of the Federal Rehabilitation Act of 1973 [87 US Stat 355], and see 45 CFR Part 84), and those of handicapped students in particular (i.e., the Federal Education for All Handicapped Children Act of 1975 [US Code, tit 20, § 1401 et seq.] and regulations thereunder; 45 CFR Part 121a; New York’s response to this Federal mandate was L 1976, ch 853, codified, *1034 with some amdts, in the Education Law as art 89 [§ 4401 et seq.J' with new implementing regulations at 8 NYCRR Part 200).
The Spitaleri statute, section 4409 of the Education Law— unlike its companion provisions in article 89 — lacks any genesis in the Education for All Handicapped Children Act of 1975. In accordance with the terms of the Spitaleri law, petitioners have provided the court with the affidavits of two licensed physicians — one, a specialist in ophthalmology, and the other, a specialist in pediatrics — both stating that the student is physically capable of participating in the school athletic program, and that it is reasonably safe for her to do so.
Under section 4409 of the Education Law the court must find not only that it is "reasonably safe,” but also that it is in the "best interest” of the student to be allowed to participate in the school’s athletic program. The court is puzzled at the need for the "reasonably safe” requirement, since it is difficult to imagine a situation in which participation could possibly not be reasonably safe, and yet somehow be in any student’s "best interest.” The court, having considered the affidavits of petitioners’ physicians and finding none from respondents’ physician, and considering the oral and written argument submitted by the parties, does find that petitioner’s participation in contact sports, with protective eyewear with which she is already equipped (including industrial quality safety lenses, wire mesh side shields and extended ear pieces) would be reasonably safe within the meaning of the Spitaleri statute (Education Law, § 4409, subd 3).
The "best interest” test, however, is more troubling, and the difficulty lies not so much with the medical or social circumstances of the student as with the provisions of the Spitaleri law itself. Subdivision 4 of section 4409 of the Education Law provides, rather expansively: "No school district shall be held liable for any injury sustained by a student participating pursuant to an order granted under this section in a program as defined in subdivision eight of this section nor for failing to ensure that any prescribed special preventive measures or devices needed to protect the student are employed.” (Emphasis added.) It would seem to the court that "relief’ under the Spitaleri law inures principally to the benefit of the school district rather than to that of the handicapped student. This statutory provision purports to insulate school districts, in *1035 advance, from liability for injuries bearing no connection whatever with the student’s handicap, and even for gross negligence. The court notes, moreover, that the petitioners might not yet have succeeded in securing, for their daughter, any private insurance coverage to fill the gap. (See Kampmeier v Nyquist, 553 F2d 296, 298, n 1.) The court is not surprised, then, that counsel for the State Education Department officially expressed a position of "no opposition” to the enactment of the Spitaleri bill, or that the respondents in this proceeding conceded at oral argument that it "might well be” in the student’s best interest that this petition be granted under section 4409 of the Education Law.
Though the law was otherwise at the time Spitaleri was decided, it is now the law — under the Education for All Handicapped Children Act of 1975 and regulations thereunder, and its State counterpart, sections 4401 through 4407 of the Education Law and regulations thereunder — that a student may not be "classified as handicapped” and provided with "special education,” against the wishes of his parents, at the sole discretion of a school physician (as respondents unmistakably admit to having done), subject only to review under section 310 of the Education Law and the "arbitrary and capricious” standard of CPLR article 78, as in Spitaleri.
There has yet to be a determination, in accordance with the provisions of sections 4401 through 4407 of the Education Law and 8 NYCRR Part 200, that the petitioner is in fact in need of any special education or related services on the basis of physical handicap. Significantly, under these provisions of the Education Law, as under the Education for All Handicapped Children Act of 1975, special education (which includes [45 CFR 121a.6] physical education [45 CFR 121a. 14] and related services [45 CFR 121a. 13]) may be provided on the basis of a physical handicap (see 45 CFR 121a.5 [b] [11]) only in accordance with integrated and well-articulated procedures which afford, to students and their parents, not only notice and an opportunity to be heard, but an opportunity for a more than peremptory review (see, especially, US Code, tit 20, § 1415, subd [e], par [3]).
In view of the broad and virtually irreversible effect of a judgment under section 4409 of the Education Law and in view of respondents’ rather incredible but conceded failure to take any of the measures now required by law before a child is classified handicapped or provided special services (and *1036 under which broad and lasting immunity from liability is not conferred upon a school district) the court finds that judgment under section 4409 of the Education Law would not be in the best interest of the student under these circumstances. Relief under section 4409 of the Education Law is accordingly denied without prejudice to the commencement of such a proceeding by petitioners, if so advised, after a final determination of the student’s rights under the Education for All Handicapped Children Act of 1975 and sections 4401 through 4407 of the Education Law and regulations thereunder.
Respondents are directed to comply, forthwith, with the notice and hearing and other provisions of sections 4401 through 4407 of the Education Law and regulations thereunder, and with all applicable provisions of the Education for All Handicapped Children Act of 1975 and regulations thereunder and other provisions of Federal law. Pending any legally valid identification, evaluation or classification of the petitioner as physically handicapped and in need of special education or related services, respondents are enjoined from excluding the petitioner, solely on account of her visual handicap, from participation in contact sports otherwise available under respondents’ physical education program. (Education Law, § 4404, subd 4; 8 NYCRR 200.5 [b] [7]; see, generally, 45 CFR 121a.342.)