■ JACK A. KAMPMEIER et al., Individually and as Parents and Natural Guardians of MARGARET KAMPMEIER, an Infant, Respondents, v NANCY HARRIS et al., Constituting the Board of Education of the Pittsford Central School District, et al., Appellants.—Order unanimously reversed, without costs, and petition granted pursuant to section 4409 of the Education Law. Memorandum: Petitioners instituted this proceeding pursuant to section 4409 of the Education Law on behalf of their daughter, Margaret Kampmeier, a junior high school student in respondents' school district. Subdivision 1 of section 4409 provides, *inter alia,* that "Upon a school district's determination that a student shall not be permitted to participate in an athletic program by reason of a physical impairment * * * the student may commence a special proceeding * * * to enjoin the school district from prohibiting his participation." Subdivision 3 thereof provides that "The court shall grant such petition if it is satisfied that it is in the best interest of the student to participate in an athletic program and that it is reasonably safe for him to do so." The statute also protects a school district from liability "for any injury sustained by a student participating pursuant to an order granted under this section" (Education Law, § 4409, subd 4). The petition asserts that because Margaret has defective vision in one eye due to a congenital cataract, respondents have prohibited her from participating in contact sports. It is also asserted the Margaret is athletically inclined and that she has obtained special protective eyewear. Annexed to the petition, as required by the statute, are the affidavits of two physicians who express the opinion that Margaret is physically capable of participating in contact sports and that it would be reasonably safe for her to do so while wearing the protective glasses. In his opposing affidavit the school physician, while not expressly considering the availability of protective eyewear, relies upon certain guidelines approved by the State Education Department and indicates that it would not be reasonably safe for Margaret to participate in contact sports since injury to her functional eye could result in blindness. Special Term concluded that it would be reasonably safe for Margaret to participate in contact sports while using protective eyewear but that it would not be in her best interest to do so because an order granted pursuant to section 4409 of the Education Law would confer upon the school district "broad and lasting immunity" from liability for any injuries Margaret might suffer while participating in athletic programs pursuant to the court order. Additionally, Special Term found that since there may exist an alternate method by which Margaret could participate without limiting the school district's potential liability (see Education Law, §§ 4401-4407), her best interest dictated that the alternate method should first be pursued. We reverse and grant the petition. Whatever statutory immunity from liability is enjoyed by a school district under section 4409 is not a factor to be weighed by the court in considering the "best interest of the student". Implicit in the statute is a legislative judgment that a court's finding as to the student's best interest should be made without regard for the liability provision. Here the record amply supports a finding that it is in the best interest of Margaret to participate in an athletic program and that it is reasonably safe for her to do so, provided, of course, that she uses her protective eyewear. Finally, we reject respondents' contention that the term "athletic program" (Education Law, § 4409, subd 8) has no applicability to gym classes. Athletic programs include intramural activities which the

Commissioner of Education has defined as "those conducted within one school including only those pupils enrolled in that school and organized to serve the entire enrollment" (8 NYCRR 135.1 [o]). (Appeal from order of Monroe Supreme Court—Education Law, § 4409.) Present—Marsh, P. J., Cardamone, Dillon, Schnepp and Witmer, JJ. [93 Misc 2d 1032.]